BONIN, J.,
dissents with reasons.
I respectfully dissent. Here, in this problem-fraught situation of long duration, we should be most deferential to the resolution settled upon by the resident judge, who has first-hand and continuous experience dealing with these litigants, their child, and their problems.
I do not find that the trial judge abused her considerable discretion in crafting a remedy to try, even at this late date, to effect emotional equilibrium in the child’s relationship with her parents. Such an objective is almost always in the best interest of a child. And I find that the mother’s persistent behavior, despite cautions and warnings, precluded the trial judge’s consideration of less drastic alternatives, such as those envisioned by the majority.
At this point, so-called “joint” custody is no practical solution. Both father and mother seek “sole” custody of their teenage daughter. Agreeing that joint custody was not among her limited, undesirable options, the trial judge selected the parent whom she found would more likely nurture the young woman in healthy relationships with both parents.
While I have no way of knowing now whether — as time will tell — the resident judge chose correctly between the parents, I am' certain that the likelihood of her having made the correct choice, because she is in the better position to make that choice, is better than any choice either me or my colleagues might substitute based upon this record.
*757 I see no purpose in remanding so that the trial judge may identify a domiciliary parent. And, as far as visitation with the mother is concerned, the record is clear that that has been the trial judge’s plan all along. Therefore, I would affirm.